IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISRICT OF PENNSYLVANIA

DEBRA NICHOLS )
)
    Plaintiff, ) No. 13-1273

    V.

CAROLYN W. COLVIN,
COMMISSIONER OF
SOCIAL SECURITY

    Defendant.

## SYNOPSIS

Plaintiff filed an application for disability insurance benefits and supplemental social security income, alleging disability as the result of various mental and physical impairments, beginning May 30, 2001. The date of last insured was December 31, 2006. Her claim was denied initially, and upon hearing before an ALJ. The Appeals Council denied her request for review. Plaintiff now appeals the Commissioner's decision. For the following reason, Plaintiff's Motion will be denied, and Defendant's granted.

## OPINION

### I. STANDARD OF REVIEW

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002).

1

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II. PLAINTIFF'S MOTION

Plaintiff asserts that the ALJ erred in failing to fully credit her subjective complaints, because he did not adequately explain his credibility determination, and in failing to incorporate all of her limitations in the Residual Functional Capacity ("RFC").

An ALJ's credibility determination is entitled to great deference. Malloy v. Comm'r of Soc. Sec., 306 Fed. Appx. 761 (3d Cir. 2009). Accordingly, courts are "particularly reluctant" to overturn an ALJ's credibility determination. Woodson v. Barnhart, 2006 U.S. Dist. LEXIS 57853, at *10 (E.D. Pa. Aug. 14, 2006). "Even when the medical record does not confirm or

2

support a claimant's subjective complaints, the ALJ is required to give them serious consideration. The ALJ is required to explain why he or she is rejecting such complaints with references to the medical record." Knorr v. Astrue, 2013 U.S. Dist. LEXIS 67324, at **37-38 (E.D. Pa. Feb. 25, 2013) (citations omitted). Nonetheless, an ALJ may not find an individual disabled based on subjective pain complaints alone. 20 CFR 404.1529(a). Those complaints must be supported by medical documentation. Id.

Here, the ALJ reviewed the submitted medical documentation, and set forth reasons that it might not receive full credit. He found, for example, that Dr. Allanki, Dr. Naar, Dr. Yadagari began treating Plaintiff after the relevant time period. Moreover, he noted that treatment during the pertinent time period did not reflect the severity of impairment described by Plaintiff. Because the ALJ reviewed all the medical evidence and determined it did not support the alleged impairments, the ALJ did not err in finding that the Plaintiff's subjective complaints were not credible to the extent that they were inconsistent with the RFC. The ALJ's decision makes clear to this Court that Plaintiff's complaints of disabling pain were not fully accepted because they were not supported by evidence of record relating to the time period at issue. The ALJ's decision reflects that he reviewed all of the medical evidence, and assessed the weight to be afforded that evidence. The ALJ's process and conclusions, therefore, are consistent with applicable standards. Cf. Harkins v. Comm'r of Soc. Sec., 399 Fed. Appx. 731, 735 (3d Cir. N.J. 2010). I find no error in that regard.

Next, Plaintiff contends that the ALJ failed to credit all of her limitations, and the RFC was improper. In particular, Plaintiff contests the non-exertional components of the RFC, which limited her to simple tasks, no crowds or groups of people, no assembly-line pace, and no more than very simple decision making. In her brief, Plaintiff sets forth a list of her symptoms and

complaints, but does not identify how the RFC fails to accommodate potential limitations resulting from those symptoms and complaints. Indeed, it is apparent that the RFC accounts for several. Moreover, other than to the extent that she challenges the ALJ's credibility determination, she does not explain why the ALJ should not have rejected those symptoms and complaints. I decline to initiate and conduct the required intensive analysis, absent more detailed input from Plaintiff. Accordingly, the ALJ's RFC shall stand.

## CONCLUSION

In sum, the ALJ's decision was supported by substantial evidence. Plaintiff's Motion shall be denied, and Defendant's granted. An appropriate Order follows.

## ORDER

AND NOW, this 29th day of September, 2014, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is DENIED, and Defendant's GRANTED.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court